## CIRCUIT COURT OF THE CITY OF ROANOKE

Conrad Tobias Moore

v.

Allison L. Moore

October 17, 2002

Case Nos. CH. 02-819 and 02-820

BY JUDGE CHARLES N. DORSEY

On the notice filed by Mr. Bowers, I deny his request for a jury trial on this appeal of custody and visitation orders from the juvenile court.

"Does the Constitution guarantee a jury trial in *all* 'suits between man and man?' . . . No such claim can be made. We must look to the law as it existed when the Constitution was adopted and as it has been uniformly construed since that time." *W. S. Forbes & Co. v. Southern Cotton Oil Co.*, 130 Va. 245, 260 (1921).

In fact, as pointed out in the *Forbes* decision, prior to the Constitution of 1869, the phrase used was "*ancient* trial by jury," but the word "ancient" was deleted that year and has not re-appeared.

"The constitutional guaranty of jury trial is by no means universal in its application. Although the word 'suit' is used in the Constitution, it is conceded everywhere that the provision has no application to suits in chancery as they existed at the time of the adoption of the Constitution, as the chancery courts exercised their functions without the intervention of juries at that time, and the guaranty extended only to such cases as were triable by jury at the date of adoption." *Forbes, supra*, at 263-64 (references deleted).

Inasmuch as this is a chancery cause, I believe it is well settled that there is no right to a jury trial. I am aware, of course, that equitable principles may not be invoked in a way so as to adversely affect the interest of the child.

That rationale, as expressed in *Brown v. Kittle*, 225 Va. 451 (1983), has no application here.

Consequently, as I ruled in our hearing today, the request for jury trial is denied; the request pertaining to contempt has been stipulated to be a request for civil contempt and will be taken up at the time of trial on the appeal; and the request for visitation has been worked out between the parties, the specifics of which may either be placed in the order or merely left to the parties to act in accord with their agreement.